# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF MISSOURI
# SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 09-3002-01-CR-S-RED |
| | ) |
| JOSE ROSARIO, | ) |
| | ) |
| Defendant. | ) |

## ORDER

Before the Court are Defendant's motion to suppress evidence (Doc. 22), the Report and Recommendation of United States Magistrate Judge (Doc. 30), and Defendant's objections to the Report and Recommendation (Docs. 34, 35). Upon careful and independent review of the motion to suppress, the briefs filed by the parties, the hearing transcript, the Report and Recommendation, Defendant's objections to the Report and Recommendation, and the applicable law, the Court agrees with the conclusions of the United States Magistrate Judge and **ADOPTS** the Report and Recommendation in full (Doc. 30).

Defendant raises three objections to the Report and Recommendation: (1) the detention, search and seizure were unlawful because they were not based upon a reasonable and articulable suspicion of criminal activity, (2) the *Terry* standard is inapplicable in regulatory search cases, and (3) the search and seizure exceed the scope of consent. These objections are all without merit. In *United States v. Johnson*, 285 F.3d 744, 747-49 (8th Cir. 2002), the Eighth Circuit upheld the denial of a motion to suppress in a factually similar scenario. In *Johnson*, the defendant stopped at a truck weigh station, and the officer on duty at the station asked the defendant to come inside with paperwork while the other driver remained in the sleeper portion of the trailer. *Id.* at 746. The

officer proceeded to ask the defendant a number of questions as part of a routine examination for compliance with safety and hauling regulations. *Id.* at 746-48. As part of the regulatory stop, the officer asked the defendant about his load and destination, requested to see the defendant's logbook, and performed a safety inspection of the vehicle. *Id.* at 746. During the questioning and inspection, the officer noted erratic entries in the logbook, suspicious behavior on the part of the defendant, and strange locks on the trailer. *Id.* at 746-47. Suspicions aroused, the officer radioed for assistance. *Id.* at 747. After the inspection, the officer requested to search the vehicle, and the defendant gave his consent at that time. *Id.* The officer held the defendant's keys, driver's license and other papers while getting the consent to search and waiting for the other officer to arrive. *Id.* When the second officer arrived, the officers conducted the search and uncovered more than 2200 pounds of cocaine. *Id.* at 745. In denying the motion to suppress, the district court in *Johnson* had found "that Johnson had been lawfully detained in a regulatory stop and that [the officer] had 'developed a reasonable and articulable suspicion of criminal activity' through his interaction with Johnson." *Id.* at 747. The Eighth Circuit agreed, noting that "[a]n officer who develops a reasonable, articulable suspicion of criminal activity may expand the scope of an inquiry beyond the reason for a traffic stop and detain a vehicle and its occupants for further investigation." *Id.* at 748-49.

Just like in *Johnson*, Defendant was stopped as part of a lawful regulatory stop. During the course of the regulatory investigation, the same factors that gave rise to the reasonable and articulable suspicions of criminal activity in *Johnson* (erratic logbooks and destinations, suspicious behavior in the form of nervousness, etc.) also gave rise to a reasonable and articulable suspicion in this case. Neither Agent Talbert nor Corporal Hall improperly questioned or detained Defendant, nor did they exceed the scope of Defendant's consent in their search . Therefore, for the reasons

2

articulated in the Magistrate Judge's Report and Recommendation, and in light of the holding in *United States v. Johnson*, 285 F.3d 744, 747-49 (8th Cir. 2002), Defendant's Motion to Suppress (Doc. 22) is **DENIED**, and the Court **OVERRULES** Defendant's Objections to the Report and Recommendation (Docs. 34, 35).

**IT IS SO ORDERED.**

Dated: July 21, 2009 */s/ Richard E. Dorr*
RICHARD E. DORR, JUDGE
UNITED STATES DISTRICT COURT