# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# SOUTHERN DIVISION

| | | |
|---|---|---|
| JOSE D. ROSARIO, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | Case No. 11-3197-CV-S-RED |
| | ) | Crim No. 09-3002-01-CR-S-RED |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

## ORDER

Before the Court is Petitioner Jose D. Rosario's ("Rosario") Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255 (Doc. 1). For the following reasons, the Court **DENIES** Petitioner's Motion.

## BACKGROUND

Rosario pled guilty, without a plea agreement, on August 1, 2009 to Count One of the Superseding Indictment for possession with intent to distribute five (5) kilograms or more of a mixture or substance containing a detectable amount of cocaine. Rosario was arrested after a Commercial Vehicle Officer ("CVO") stopped Rosario's truck for inspection, the CVO called the Missouri State Highway Patrol, and Rosario consented to a search by the patrolman that uncovered over 24 kilograms of cocaine. Rosario filed a motion to suppress arguing that the evidence and statements obtained during the stop should be suppressed due to Fourth Amendment violations. This Court denied Rosario's motion to suppress.

After Rosario's guilty plea, he was sentenced to a term of imprisonment of 87 months, followed by supervised release for three (3) years. Rosario appealed the Court's denial of his motion to suppress. The Court of Appeals affirmed this Court's ruling on the motion to suppress as Rosario

did not reserve his right to appeal when he plead guilty. Now, Rosario moves to collaterally challenge his criminal sentence pursuant to his Motion filed under 28 U.S.C. § 2255.

**ANALYSIS**

Rosario purports to raise eight (8) grounds in his § 2255 Motion. Rosario argues that he was denied his Fourth, Fifth, and Sixth Amendment rights and that the Court erred in not deciding his suppression motion under the *Gant* standard. Rosario additionally argues ineffective assistance of counsel in five other grounds and, further, argues that his plea was not knowing and intelligent as a result of his ineffective assistance of counsel.

**I.  Rosario's arguments that he was denied his Fourth and Fifth Amendment rights and that the Court erred in not deciding his suppression motion under the *Gant* standard have been procedurally defaulted and the Court will not hold an evidentiary hearing on these claims.**

Claims brought under § 2255 may be limited by procedural default. A movant "cannot raise a nonconstitutional or nonjurisdictional issue in a § 2255 motion if the issue could have been raised on direct appeal but was not." *Anderson v. United States*, 25 F.3d 704, 706 (8th Cir. 1994). Furthermore, even constitutional or jurisdictional claims not raised on direct appeal cannot be raised in a §2255 motion unless the movant can establish "(1) cause for the default and actual prejudice or (2) actual innocence." *United States v. Moss*, 252 F.3d 993, 1001 (8th Cir. 2001).

Here, Rosario appealed this Court's denial of his motion to suppress and, thus, asserted a denial of his Fourth Amendment rights. However, Rosario did not raise his Fifth Amendment argument on appeal. Moreover, Rosario has not demonstrated that there is cause for default and actual prejudice or actual innocence. Therefore, as Rosario did not raise his Fifth Amendment argument on appeal, Rosario has procedurally defaulted this argument. Nonetheless, though Rosario did not bring his Sixth Amendment argument on appeal, this argument may be raised in his § 2255

Motion. *See United States v. Moore*, 639 F.3d 443, 448 (8th Cir. 2011)(concluding that Defendant's 6th Amendment claim to ineffective assistance of counsel should be raised in a collateral proceeding under a § 2255 motion).

    Next, an issue brought on appeal may not be re-litigated under a § 2255 motion unless there has been a change in law or newly discovered evidence. *English v. U.S.*, 998 F.2d 609, 612-13 (8th Cir. 1993). The Court of Appeals affirmed the District Court's ruling on Rosario's motion to suppress. Moreover, Rosario does not allege that there is newly discovered evidence on this issue. Further, though Rosario argues that there is a change in law as his motion to suppress should be considered under the *Gant* standard, the *Gant* standard is inapplicable in the case at hand. In *Gant*, the Supreme Court held that the search incident to arrest exception did not justify the warrantless search of the vehicle unless "the arrestee is within reaching distance of the passenger compartment at the time of the search or it is reasonable to believe the vehicle contains evidence of the offense of the arrest." 566 U.S. 332, 129 S.Ct. 1710, 1722 (2009). Rosario's case is distinguishable as the police searched, not as a search incident to arrest, but pursuant to Rosario's consent. *See United States v. Quintero*, 648 F.3d 660, 667 (8th Cir. 2011)("While the Fourth Amendment does not permit warrantless searches, law enforcement may conduct such a search if they obtain a resident's voluntary consent."). Therefore, Rosario's contention that there was a change in law is without merit as the facts presented in *Gant* are clearly distinguishable from Rosario's case. For the above stated reasons, Rosario's argument that this Court erred in deciding his motion to suppress has been procedurally defaulted.

    As the grounds discussed above are procedurally defaulted, the Court will deny the above stated grounds without holding an evidentiary hearing as "the motion and the files and records of

3

the case conclusively show that Rosario is entitled to no relief." 28 U.S.C. 2255(b); *See also Watson v. United States*, 493 F.3d 960, 963 (8th Cir. 2007)("No [evidentiary] hearing is required where the claim is inadequate on its face or if the record affirmatively refuses the factual assertions upon which it is based.").

## II. Rosario has not met his burden of showing his counsel's deficiency prejudiced his defense and the Court will not hold an evidentiary hearing on this claim.

Rosario bases the majority of his § 2255 Motion in his ineffective assistance of counsel claim. An ineffective assistance of counsel claim requires a petitioner prove his or her counsel's "performance was deficient and that the deficiency prejudiced his defense." *Deltoro-Aguilera v. United States*, 625 F.3d 434, 437 (8th Cir. 2010). Deficient performance is defined as performance that "falls below the 'range of competence demanded of attorneys in criminal cases.' " *Theus v. United States*, 611 F.3d 441, 446 (8th Cir. 2010) (quoting *Strickland v. Washington*, 466 U.S. 668, 687 (1984)). Prejudice requires the petitioner "demonstrate that there is a reasonable probability that the outcome would have been different but for counsel's deficient performance." *Theus*, 611 F.3d at 447. Thus, the prejudice requirement requires Rosario show that there was a "reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Hill v. Lockhart*, 474 U.S. 52, 59 (1985).

The Government concedes that Rosario's counsel performed deficiently as his counsel erred by inadvertently waiving Rosario's right to appeal the Court's ruling on his motion to suppress. However, Rosario has set forth no evidence which demonstrates a "reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have instead gone to trial." Instead, Rosario asserts that, but for counsel's errors, he would have entered a conditional guilty plea and not an unconditional guilty plea. Therefore, Rosario has not met his burden of showing his

4

counsel's deficiency prejudiced his defense.

Moreover, Rosario grounds the denial of his motion to suppress in the Court's failure to consider *Gant*. As shown above, *Gant* is inapplicable to the case at hand. Therefore, even if his counsel preserved Rosario's right to appeal the denial of his motion to suppress, the Court of Appeals would have affirmed this Court's decision on the motion to suppress as *Gant* is inapplicable to the case at hand.

Rosario additionally states that his counsel advised him that pleading guilty was the only way to preserve the right to appeal the Court's denial of his motion to suppress. If Rosario's unsupported contention is that his counsel coerced him into pleading guilty, this contention is undermined by the fact that at the Change of Plea hearing, Rosario stated that no one tried to pressure him or coerce him into pleading guilty.

Furthermore, the Court will not conduct an evidentiary hearing on Rosario's ineffective assistance of counsel claims, as "the motion and the files and records of the case conclusively show that Rosario is entitled to no relief." 28 U.S.C. 2255(b); *See also Watson v. United States*, 493 F.3d 960, 963 (8th Cir. 2007)("No [evidentiary] hearing is required where the claim is inadequate on its face or if the record affirmatively refuses the factual assertions upon which it is based.").

### III. The Court will not grant a certificate of appealability on any claim.

The final issue is whether the Court should grant or deny a certificate of appealability. If a § 2255 Motion is denied on procedural grounds, a certificate of appealability should be granted only if the petitioner can show both " 'that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional rights *and* that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.' " *Jimenez v. Quarterman*,

555 U.S. 113, 118 n.3 (2009) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)). *See also Nelson v. United States*, 297 F. App'x 563, 566 (8th Cir. 2008) (applying this standard in a § 2255 action). In this case, Rosario is procedurally barred from bringing his argument that this Court erred in ruling on his motion to suppress along with his Fourth Amendment and Fifth Amendment claims. Therefore, a certificate of appealability should not apply to these claims. Moreover, the evidence does not fulfill Rosario's burden of showing that his counsel's deficiency prejudiced his defense and, accordingly, fails as a matter of law; thus, a certificate of appealability should not apply to Rosario's ineffective assistance of counsel claims. For these reasons, the Court will not issue a certificate of appealability on any ground.

## CONCLUSION

For the reasons above, the Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255 (Doc. 1) is **DENIED**.

The Clerk of the Court is directed to mail a copy of this Order via certified mail, return receipt requested, at Jose D. Rosario, #21154-045, FPC Cannan, Inmate Mail/Parcels, P.O. Box. 200, Waymart, PA 18472.

**IT IS SO ORDERED**.

DATED: October 3, 2011          */s/ Richard E. Dorr*
                                RICHARD E. DORR, JUDGE
                                UNITED STATES DISTRICT COURT